# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| STRIKE 3 HOLDINGS, LLC<br><br>v.<br><br> | § § § § | |
|---|---|---|
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 70.121.19.190 | § § § | CIVIL NO. 4:22-CV-565-ALM<br>**LEAD CASE** |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 70.119.84.107 | § § § | CIVIL NO. 4:22-CV-645-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.186.67.45 | § § § | CIVIL NO. 4:22-CV-884-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.185.236.69 | § § § | CIVIL NO. 4:22-CV-950-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 76.183.183.152 | § § § | CIVIL NO. 4:23-CV-270-ALM |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 72.180.24.205 | § § § | CIVIL NO. 4:23-CV-275-ALM |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Objection to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Motion to Squash [sic] Subpoena and Dismiss Action or Alternatively Motion for Protective Order (Dkt. #18). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

## BACKGROUND

Plaintiff Strike 3 Holdings LLC ("Strike 3") owns the copyright for a number of adult films that it distributes via its streaming websites and DVDs. In the above-consolidated cases, Strike 3 has filed numerous copyright infringement claims against John Doe Defendants ("John Does"), alleging that the John Does used a BitTorrent protocol to steal Strike 3's work on a "grand scale."[1] Using the protocol, the John Does downloaded Strike 3's films and redistributed those films to others without Strike 3's permission, thereby infringing Strike 3's copyrights. Strike 3 discovered that the various John Does infringed their copyrights by utilizing an infringement detection system, which identified the John Does by their IP addresses. However, Strike 3 did not have any other identifying information, including the John Does' names, addresses, or contact information. In order to find out this information, Strike 3 filed motions to serve third-party subpoenas on the internet service providers ("ISPs") for the various John Does. The Court has since granted these motions, including in the current case of Defendant John Doe subscriber assigned IP Address 70.119.84.107 (4:22-cv-645 under lead consolidated case). Specifically, the Court allowed Strike 3 to serve third-party subpoenas on Defendant's ISP, Spectrum, to obtain further information about the Defendant, and it also entered a protective order to protect the interests of the parties (Dkt. #11).

Subsequently, Defendant filed the pending *pro se* motion, asking the Court to quash the subpoena served on Spectrum or enter a protective order (Dkt. #18 at p. 1). Strike 3 then responded to the motion (Dkt. #19).

---

[1] BitTorrent refers to "[a] proprietary name for: a peer-to-peer file transfer protocol for sharing large amounts of data over the Internet, in which each part of a file downloaded by a user is transferred to other users in turn" or "a software client which transfers files using this protocol." OXFORD ENG. DICTIONARY (3d ed. 2012).

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. FED. R. CIV. P. 45(d)(3)(A)(iii)–(iv).

The moving party has the burden of proof "to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004) (quoting *Williams v. City of Dall.,* 178 F.R.D. 103, 109 (N.D. Tex. 1998) (internal citations omitted)). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case.'" *Linder v. Dep't of Defense, 133 F.3d 17, 24* (D.C. Cir. 1998) (quoting *Northrop Corp. v. McDonnell Douglas Corp.,* 751 F.2d 395, 407 (D.C. Cir. 1984)).

To determine whether compliance with a subpoena creates an undue burden, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa*, 392 F.3d at 818 (citing *Williams,* 178 F.R.D. at 109). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.*; *see also* FED. R. CIV. P. 45(c)(2)(B). However,

3

despite these considerations, "modification of a subpoena is [generally] preferable to quashing it outright." *Wiwa*, 392 F.3d at 818.

## ANALYSIS

Defendant asserts that Strike 3's subpoena should be quashed for two reasons: (1) Defendant is not the alleged infringer of Strike 3's work; (2) the subpoena would not necessarily reveal who allegedly downloaded the infringing work. Neither argument persuades the Court.

Defendant's first argument is essentially a denial of liability. But, in cases such as this one, courts routinely hold that these arguments are inappropriate to quash a third-party subpoena because they "fall outside the scope" of a motion to quash. *Strike 3 Holdings, LLC v. Doe*, No. 21-1558, 2022 WL 169698, at *2 (D. Md. Jan. 19, 2022) (collecting cases); *Strike 3 Holdings, LLC v. Doe*, No. 4:19-CV-00167, 2019 WL 1865919, at *2 (N.D. Cal. Apr. 25, 2019) ("Defendant claims innocence. While this may be true, at this juncture, Plaintiff is simply attempting to ascertain the subscriber's identity, and is, therefore, permitted to subpoena the ISP for the defendant's identifying information, and conduct an initial investigation into the defendant." (citation omitted)). Simply put, Strike 3 is attempting to find Defendant's identifying information and ascertain the merits of its case. Denying Strike 3 that opportunity merely because a defendant claimed nonliability would cut Strike 3's case off at the jump. Thus, like the numerous other courts that have addressed the question, the Court finds that Defendant's general denial of liability holds no weight here. *See e.g.*, *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of liability, however, is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information."); *Strike*

*3 Holdings, LLC v. Doe*, No. 18-CV-2648, 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019) (holding similarly).

Meanwhile, Defendant's alternative argument fares no better. Holding up *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018), Defendant contends the subpoena must be quashed because he is not necessarily the alleged infringer. In *Cobbler Nevada*, the Ninth Circuit affirmed an order dismissing the plaintiff's complaint because the copyright owner failed to allege facts any facts demonstrating that the defendant was the alleged infringer besides an allegation that the defendant was the registered subscriber of an IP address associated with the infringing activity. 901 F.3d at 1145. In turn, Defendant believes the same principles are at play here, so the Court should quash Strike 3's subpoena at the outset of this case.

But Defendant is not the first to press this argument. And, in near uniformity, federal courts have rejected it. *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1211–12 (D.C. Cir. 2020); *Strike 3 Holdings,* 2019 WL 78987, at *2; *Strike 3 Holdings, LLC v. Doe*, No. 2:18-CV-02637, 2019 WL 935390, at *3 (E.D. Cal. Feb. 26, 2019); *Malibu Media, LLC v. Doe*, No. 18-C-5792, 2019 WL 7876473, at *3 (N.D. Ill. Jan. 2, 2019). In *Strike 3 Holdings*, the D.C. Circuit discussed *Cobbler Nevada*'s impact on discovery requests and noted a couple key reasons why the decision does not impact a subpoena at this early stage. First, the D.C. Circuit highlighted key pivotal facts in the case itself. For instance, *Cobbler Nevada* "granted the plaintiff leave not only to issue its subpoena, but to depose the subscriber once he was identified." *Strike 3 Holdings*, 964 F.3d at 1211 (citing *Cobbler Nevada*, 901 F.3d at 1145). Only after those preliminary matters did the Ninth Circuit actually grant the defendant's motion to dismiss. *Id.* at 1212 (citing *Cobbler Nevada*, 901 F.3d at 1145). Furthermore, the D.C. Circuit emphasized that, just because the subpoena *may* reveal that

5

the defendant is not an alleged infringer, that does not warrant "clos[ing] the courthouse doors before [the plaintiff] can step inside." *Id.* Stated simply, "we cannot know what [the plaintiff's] subpoena will uncover," and there is a possibility that the subpoena uncovers facts that help the plaintiff's case. *Id.*

The Court finds this analysis persuasive and adopts its reasoning here. While Strike 3's subpoena may not prove fruitful, that does not mean it should be quashed before this case proceeds any further.

For these reasons, the Court finds that Defendant's motion should be denied and Strike 3's subpoena should not be quashed. Additionally, while unclear based on Defendant's motion, it appears that Defendant requests that the Court enter a protective order based on the same arguments raised above. The Court notes that it has entered a protective order in Defendant's case, and Defendant has not provided any reason for why that order is insufficient. So, that request is denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Objection to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Motion to Squash [sic] Subpoena and Dismiss Action or Alternatively Motion for Protective Order (Dkt. #18) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 29th day of August, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE